# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2011

Lyle W. Cayce
Clerk

No. 09-40234

RICHARD OWEN TAYLOR,

Plaintiff-Appellant

v.

LESLIE WOODS; KEVIN E. MOORE; MICHAEL W. SIZEMORE; ETHAN A. WESTFALL; DEVERY MOONEYHAM; NOAH WALKER; KENNETH R. THOMPSON; DAVID O. HATT; MIKE L. LAMB; JAMES R. KARNESS, II.; TODD FUNAI; JOHN D. GIDDENS; VAN I. TURNER; NORRIS E. KNOX; JAMES Y. BROWN; BRADLEY W. HILL; LARRY R. KRALL, JR.; BENNIE COLEMAN, JR.; THERESA DEFOOR; WILLIAM O. KNOUS; UNKNOWN JOHN DOES; JOEL BARBOSA; JIMMY BOWMAN; LARRY MATTHEWS; JIM PITTCOCK; STEVEN SWIFT; WARDEN RAYMOND THOMPSON,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-380

Before DAVIS, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Following a trial, a jury rejected the claims of Richard Owen Taylor, Texas prisoner # 816002, that the defendants to his lawsuit had shown deliberate indifference to his health and physical needs by causing him to be exposed to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

elements and extreme cold temperatures. Pertinent to this appeal, Taylor's claims included an allegation that prison officials deliberately delayed replacing broken windows in the Coffield Unit where Taylor was housed during the winter months. Taylor filed a postjudgment motion pursuant to FED. R. CIV. P. 60(b)(3) alleging that the defendants had obtained a verdict through fraud and misconduct because, during discovery, they had asserted that there were no glass invoices to be produced while, at trial, Amanda Lumpkins testified that such invoices did exist. Taylor's postjudgment motion was denied, and Taylor filed a timely notice of appeal.

On appeal, Taylor argues that the magistrate judge (MJ) who presided over his case erroneously denied his Rule 60(b)(3) motion. The MJ assumed without deciding that glass invoices existed and that they had been withheld, but he concluded that Taylor was nevertheless not entitled to relief. Taylor argues that the MJ misapplied the standard set forth by this court in *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). Taylor is incorrect. The MJ considered the same factors considered by this court in *Rozier* and made the same inquiry as to whether the allegedly withheld evidence would have affected Taylor's approach or could have been the catalyst for an entirely different theory.

Taylor also disagrees with the MJ's determination that he had not been prevented from fully and fairly presenting his case. Taylor contends that the glass invoices in question would have undercut the defense witnesses' testimony that glass was purchased throughout the year and that it was replaced in an ongoing schedule. The MJ noted that the invoices would only show when the glass was purchased, but not when it was used to replace broken windows. If we accept Taylor's contentions as true, relief from judgment under Rule 60(b)(3) might have been permissible or even warranted. However, the MJ's denial of relief was not so unwarranted as to constitute an abuse of discretion. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

AFFIRMED.